UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DR. KEVIN RAY BUCKWALTER,<br><br>    Plaintiff,<br><br>v.<br><br>KAY VAN WEY, et al.,<br><br>    Defendants. | 2:10-CV-108 JCM (LRL) |

**ORDER**

Presently before the court is defendant Kay Van Wey's (hereinafter "Van Wey") motion to dismiss pursuant to rule 12(b)(6) (Doc. # 9). Plaintiff Dr. Kevin Ray Buckwalter (hereinafter "Buckwalter") filed an opposition (doc. # 15), and defendant Van Wey filed a reply (doc. #22).

In addition, defendant filed a special motion to dismiss pursuant to Nevada Revised Statue (hereinafter "N.R.S.") 41.660 (Doc. #6). Plaintiff Buckwalter filed an opposition (doc. #14), and defendant Van Wey filed a reply (doc. #21).

Also before the court is plaintiff Buckwalter's counter-motion to remand. (Doc. #17). Plaintiff filed an opposition (doc. #20), and defendant Buckwalter filed a reply (doc. #24).

On November 25, 2009, plaintiff Buckwalter filed a complaint against defendant Van Wey in Clark County District Court alleging three causes of action: (1) defamation; (2) defamation per se; and (3) intentional infliction of emotional distress (IIED). (Doc. #1). Defendant Van Wey removed this action to federal court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #1).

This controversy arises out of numerous malpractice lawsuits against plaintiff Buckwalter.

**James C. Mahan**
**U.S. District Judge**

1  Defendant Van Wey was an attorney for the alleged injured party in three different lawsuits against
2  plaintiff Buckwalter. Its alleged that the claims against defendant Van Wey were the result of
3  statements she made to a newspaper regarding defendant Buckwalter's alleged malpractice.

4        I.     Motion to Remand

5  Plaintiff Buckwalter's counter-motion to remand alleges that the amount in controversy
6  requirement has not been satisfied. Federal district courts have "original jurisdiction" where there
7  is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See*
8  28 U.S.C. 1332(a). Punitive damages can be considered as adding to the amount in controversy.
9  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

10  To determine if the amount in controversy requirement has been met, the court must look to
11  the value of the complaint on its face. *Singer v. State Farm Mutual Auto Inc. Co.*, 116 F.3d 373, 377
12  (9th Cir. 1997). If the amount in controversy is uncertain, the requirement can be met if the amount
13  is more likely than not greater than $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404
14  (9th Cir. 1996).

15  Each of the three claims alleged by Buckwalter seeks damages "in excess of $10,000."
16  Further, Buckwalter is requesting unspecified punitive damages. Although the amount in controversy
17  is greater than $30,000, the final amount, including total compensatory damages along with punitive
18  damages, is uncertain. However, should defendant Buckwalter be granted the damages he seeks for
19  suffering both a loss in standing in his medical practice, and severe emotional distress, it is more
20  likely than not that the damages would surpass $75,000. Therefore, the amount in controversy
21  requirement is satisfied, and the motion to remand is denied.

22        II.    Motion to dismiss (12(b)(6)

23  Plaintiff Van Wey's second motion to dismiss asserts that defendant Buckwalter's complaint
24  fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. Proc. 12(b)(6). A complaint
25  that lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory may
26  be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th
27  Cir.1984). The Supreme Court has held that a complaint's factual allegations must be sufficient "to
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
2  (2007). Thus, a plaintiff must plead more than conclusory allegations to show "plausible liability"
3  and avoid dismissal. *Id.* n.5. As explained below, plaintiff Buckwalter failed to plead more than
4  conclusory allegations.

5          A.        <u>Defamation claims</u>

6  The elements of a defamation claim are as follows: (1) a false statement regarding
7  plaintiff; (2) published to a third party without privledge; (3) fault on the part of the
8  defendant; and (4) either per se defamation or resulting special harm. *Lubin v. Kunin*, 17
9  P.3d 422, 425 (Nev. 2001). One of the four types of per se defamation statements is
10 "imputing the person's lack of fitness for trade, business, or profession." *K-Mart Corporation*
11 *v. Washington*, 866 P.2d 274, 282 (Nev. 1993).

12 The complaint fails to provide enough facts regarding the defendant Van Wey's defamatory
13 statements. Defamatory comments are only indirectly mentioned or not included at all in the
14 complaint, thus giving the defendant Van Wey and the court inadequate notice of the pertinent
15 controversy. Plaintiff Buckwalter's accusations are conclusory and fail to state sufficient facts that
16 could constitute a plausible cause of action.

17 Attorneys enjoy an absolute immunity, or privilege, for comments made during
18 judicial proceedings. *See Circus Circus Hotels v. Witherspoon,* 99 Nev 56, 60 (Nev 1983). The
19 litigation immunity applies inside and outside the court room and need only be loosely
20 related to the legal matter. *See Clark County School Dist. v. Virtual Educ. Software Inc.*, 213
21 P.3d 496, 502 (Nev 2009). The immunity has been liberally applied in Nevada to enforce a
22 policy that promotes justice. *Fink v. Oshins,* 118 Nev 428, 433 (Nev 2002).

23 It can be gathered from the complaint that the statements alleged to be defamatory are closely
24 related to the legal proceedings involving plaintiff Buckwalter and defendant attorney Van Wey. As
25 such, the defendant Van Wey's comments regarding Buckwalter's medical practice are privileged.
26 Thus, the defamation and defamation per se claims are dismissed for failure to state a claim
27 upon which relief can be granted.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

B.  IIED claim

The elements of an IIED claim are (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff suffered severe or emotional distress, and (3) causation. *Miller v. Jones*, 970 P.2d 571, 577 (1998). Plaintiff Buckwalter limited his complaint for IIED to a recitation of the elements necessary to constitute the cause of action. However, he does not factually plead the act or statement that is extreme and outrageous. Because the claim is limited to conclusory allegations, the IIED claim is also dismissed.

III.  Special motion To dismiss (N.R.S 41.660)

Defendant Van Wey's second motion to dismiss asserts the claim is barred by the Nevada anti-SLAPP statute, N.R.S. 41.660.  The statue is predicated on protecting "good faith communication in furtherance of the right to petition . . . made in direct connection with an issue under consideration by a legislative, executive or judicial body . . ." Moreover, the statute only protects citizens who petition a government agency. *See* N.R.S. 41.637. As such, the statute does not apply to defendant Van Wey. The statements were alleged to have been made to a newspaper and thus not directly in furtherance of any judicial proceeding. Further, a government agency was not being petitioned. Therefore, N.R.S. 41.660 is not applicable, and the special motion is denied.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Buckwalter's motion to remand (doc. #17), is DENIED.

IT IS FURTHER ORDERED, that defendant Van Wey's motion to dismiss (doc. # 9) is GRANTED. Plaintiff Buckwalter's complaint as to defendant Van Wey is dismissed, without prejudice.

. . .

. . .

. . .

. . .

- 4 -

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED, that defendant Van Wey's special motion to dismiss (doc. # 6) is DENIED.

DATED June 24, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**